THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>      Plaintiff,<br><br>v.<br><br>DAVIS COUNTY,<br><br>      Defendant. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 1:21-cv-00114 DBB<br><br>District Judge David Barlow |

After Plaintiff filed this *pro se* civil rights suit, 42 U.S.C.S. § 1983 (2023), *in forma pauperis*, *see* 28 U.S.C. § 1915, Plaintiff was twice directed to amend his deficient complaints. (ECF Nos. 3, 4, 13–14, 25–26.) In those orders, Plaintiff was provided comprehensive and specific guidance on the complaints' deficiencies and how the allegations fell short. (ECF Nos. 13, 25.)

The most recent Order stated: "Plaintiff must . . . cure the Amended Complaint's deficiencies . . . by filing a document entitled, 'Second Amended Complaint,' that does not refer to or include any other document"; and "[i]f Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." (ECF No. 25, at 8.) The most recent Order also stated:

> The Second Amended Complaint **MAY NOT** include claims outside or beyond what was already contained in the complaints originally filed here. This is the second and **FINAL** order allowing Plaintiff to cure deficiencies. If a second amended complaint is filed, the Court will screen it for dismissal or service of process.

(ECF No. 25, at 8 (bolding in original).)

The Second Amended Complaint (SAC), (ECF No. 26), has now been screened under the Court's statutory review authority, 28 U.S.C.S. § 1915A (2023). For failure to state a claim upon which relief may be granted, dismissal is appropriate. Plaintiff's allegations against Davis County[1] fail to properly state a federal constitutional claim. (ECF No. 26.)

## ANALYSIS

### I. Standard for Complaint's Sufficiency

When deciding if a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth.

---

[1] Plaintiff also mentions two individuals' names in the "injury" section and addendum to the SAC: "Deputy James Peasnull," and "PO Agent Kim." (ECF No. 26, 26-1.) However, Plaintiff has been advised that individual defendants must be named in the complaint's caption. (ECF No. 25.) Second, the conclusory allegations against Peasnull and Kim are utterly devoid of the factual information that the Court advised is necessary, like dates and specific unconstitutional activities. For instance, Plaintiff says he was unlawfully detained, harassed, and illegally surveilled by Peasnull, but--as twice cautioned by the Court's orders to cure his deficient complaints, (ECF Nos. 13, 25)--does not identify any particular behavior, like how, what, why, and when. And PO Agent Kim is not even mentioned within the SAC, but only in the SAC addendum, in which Plaintiff states, "PO Agent Kim lied under oath she was not present during all hearings lied by stating I did not check in when she was on vacation" [sic]. (ECF No. 26-1.) If Plaintiff meant to make Kim a defendant, these allegations are too sparse to support service of the SAC upon her. Further, Kim would be entitled to immunity as a witness. *See Romero v. Brown*, 859 F. App'x 245, 248-49 (10th Cir. 2021) (unpublished) (stating witnesses making statements "before a judge in a courtroom proceeding" were "entitled to absolute immunity").

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II. Lack of Affirmative Links to Federal Constitutional Violations

The complaint must clearly state what Defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Plaintiff's conclusory allegations without factual specificity must therefore be dismissed. For instance, Plaintiff alleges Defendant Davis County to be a "district court operating out of court procedure & jail violating sufficient law library & official misconduct & failure of duty." (ECF No. 26, at 2.) Plaintiff continues that,

> District Court violated court procedure varies times one by conducting first hearing in district court with a justice court judge second holding a arraignment 10 months after already sentenced Evidence submitted (minutes) show such violation and mistrial 3d. upholding sentencing by incarcerating Jerry Lopez, plaintiff before appeal filed de novo was decided upon. [Sic]

(ECF No. 26, at 3.) Listing causes of action against Defendant Davis County, Plaintiff asserts, (1) "violating district & state court appeals process 'de novo'"; (2) "insufficient law library, unanswered voluntary statements to investigators within 24 hours or at all"; (3) "denial of all minutes & transcripts and unlawful detention." (*Id.* at 4.) In the "INJURY" portion of the SAC, Plaintiff states that he suffered, "100 days of unlawful detention pain and suffering due to lawsuits for harrassment and illegal survellliance on and off duty layton city police and Davis County Sheriff James Peasnull" [sic]. (*Id.* at 5.)

Even liberally construed, these conclusory allegations fall far short of stating a plausible claim. For example, Plaintiff does not (a) provide any information about how Davis County's asserted violation of the state-court appeals process may have violated the Federal Constitution; (b) follow the guidance offered from the Court on stating a cause of action for legal access--e.g., naming a specific individual who denied legal access and alleging "the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim" as to a "habeas corpus or civil rights action regarding current confinement," *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); (c) specify how denial of minutes and transcripts violated the Federal Constitution; and (d) heed the Court's distinct instruction that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars the kind of money damages Plaintiff seeks here "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," *id.* at 487, which Plaintiff did not address in the SAC.

These conclusory claims must be dismissed as they lack the necessary factual allegations, and legal bases of any causes of action, to properly state a claim.

### III. Local Government Liability Not Adequately Alleged

Further, as to an alternative basis upon which to dismiss all claims against Defendant, the Court twice alerted Plaintiff that naming Davis County as the defendant would be viable only if he observed the following advice:

> To establish liability of local-government entities, such as Davis County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Local governmental entities may not be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867,

5

> 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).
>
> Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Davis County. Thus, the Court concludes that Plaintiff's complaint, as it stands, fails to state claims against Davis County.

(ECF No. 25.) Plaintiff has consistently failed to set forth allegations meeting this standard. Nowhere does he mention Defendant's customs or policies.

Having failed to state a claim against sole Defendant Davis County, the SAC is dismissed.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Second Amended Complaint, (ECF No. 26), is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2023), for failure to state a claim upon which relief may be granted. Three iterations of the complaint, (ECF Nos. 4, 14, 26), and two full rounds of comprehensive guidance on curing deficiencies, (ECF Nos. 13, 25), have not resulted in any improvement in the pleading. Neither liberal interpretation of Plaintiff's claims nor further opportunity to amend will lead to a different result, making any further leave to amend futile.

(2) Plaintiff's pending motions are all **DENIED** as moot. (ECF Nos. 28–30.)

This action is **CLOSED**.

DATED this 20th day of July, 2023.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge